# JacksonLewis

**Jackson Lewis P.C.**
666 Third Avenue
New York NY 10017-4030
(212) 545-4015 Direct
(212) 972-3213 Fax
jacksonlewis.com

MY DIRECT DIAL IS:  212.545.4015
MY EMAIL ADDRESS IS:  DANIEL.SCHUDROFF@JACKSONLEWIS.COM

September 3, 2024

**VIA ECF – (COURTESY COPY VIA E-MAIL)**
The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007



Re:   Martinez v. Collins Building Services, Inc.
      Case No.: 1:24-cv-06433-KPF

Dear Judge Failla:

We represent Defendant Collins Building Services, Inc. ("Defendant"). Defendant respectfully requests a pre-motion conference in advance of filing a motion (not on consent) to compel arbitration/dismiss Pro Se Plaintiffs Yoscabel and Edwin Martinez[1] ("Plaintiffs") Complaint pursuant to FRCP 12. First, Plaintiffs' Family and Medical Leave Act ("FMLA") claims must be compelled to arbitration pursuant to the express terms of the collective bargaining agreement ("CBA") governing their terms and conditions of employment.[2] Even if Plaintiffs' FMLA claims were properly raised in a judicial forum, the allegations fail to state a cause of action upon which relief may be granted. Second, Plaintiffs' wrongful termination claims are preempted by the Labor Management Relations Act ("LMRA"). They too are defective because they are untimely and Plaintiffs cannot assert SEIU 32BJ (the "Union") violated its duty of fair representation owed to them or that they exhausted their contractual administrative remedies before initiating this action. The Complaint likewise does not sufficiently plead cognizable causes of action. Third, Plaintiff's "mismanagement of disability leave" claims, which may sound under the Employee Retirement Income Security Act ("ERISA"), should be dismissed because Plaintiffs have not demonstrated they exhausted administrative remedies pursuant to any disability leave plan before filing their Complaint. The allegations likewise fail to plead a violation of the statute.

---

[1] Although Plaintiffs' Complaint caption identifies only Yoscabel Martinez, the face of the Complaint also references Edwin Martinez as a Plaintiff. The undersigned unsuccessfully attempted to contact Plaintiffs concerning this motion.

[2] Plaintiffs' Complaint must at least be stayed pending the outcome of private dispute resolution proceedings. See Smith, et al v. Spizzirri, et al., No. 22-1218 (S. Ct. May 16, 2024) (the Federal Arbitration Act requires district courts to stay lawsuits pending the outcome of private dispute resolution proceedings).

The Honorable Katherine Polk Failla
United States District Judge
September 3, 2024
Page 2

I. **Plaintiffs' FMLA Claims Are Subject to Mandatory Arbitration.**

Plaintiffs' FMLA claims are subject to mandatory arbitration pursuant to a materially indistinguishable clause the United States Supreme Court enforced in 14 Penn Plaza LLC v. Pyett, 556 U.S. 247 (2009). See Duraku v. Tishman Speyer Props., Inc., 714 F. Supp. 2d 470 (S.D.N.Y. 2010); see also Garnes v. Pritchard Indus., Inc., 23-cv-6699, 2024 U.S. Dist. LEXIS 129114 (S.D.N.Y. July 22, 2024). Even if Plaintiffs' FMLA claims were not subject to arbitration, the allegations are insufficiently pled to establish any cognizable cause of action.

II. **Plaintiffs' Wrongful Termination Claims Are Preempted, Untimely, And Defective Because Plaintiffs Fail To Plead Their Union Breached Any Duty of Fair Representation or That They Exhausted Their Administrative Remedies**

State law claims requiring the interpretation of a CBA are preempted by the LMRA. Here, as a threshold matter, Plaintiffs' wrongful termination claims should be dismissed because they are time barred by the LMRA's applicable six-month statute of limitations. See e.g. DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 158 (1983). Specifically, Plaintiffs were terminated more than six months prior to July 16, 2024 when they filed their Complaint.

Further, "[i]t is well-settled that an employee may maintain a breach of contract action based upon a CBA directly against the employer only if 'the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance.'" Tomney v. Int'l Ctr. for the Disabled, 357 F. Supp. 2d 721, 738 (S.D.N.Y. 2005) (quotations omitted)). Plaintiffs' Complaint does not reference their Union, much less plead that it violated any duty of fair representation owed to them.

Even if Plaintiffs could plead duty of fair representation allegations, the LMRA claims are still defective because Plaintiffs failed to exhaust the dispute resolution procedures provided for under the CBA. DelCostello, 462 U.S. at 163. Federal law requires the parties to utilize the mechanisms established in the CBA, unless those mechanisms cannot protect the interests of the aggrieved individual. DelCostello, 462 U.S. at 163. Here, Plaintiffs have not demonstrated they sought to exhaust their administrative remedies, warranting dismissal.

Finally, even if Plaintiffs' wrongful termination claims could overcome these procedural hurdles, they should still be dismissed because, Plaintiffs fail to assert how Defendant improperly terminated their employment or otherwise violated the law.

III. **Plaintiffs' Mismanagement of Disability Leave Claims Cannot Withstand Dismissal Because Plaintiffs Did Not Exhaust Their Administrative Remedies Pursuant to Any Disability Leave Plan**

Pursuant to ERISA, it is "well-settled that timely exhaustion of plan remedies is a prerequisite to suit in federal court" and exhaustion is required even if a plaintiff is "ignorant of the proper claims procedure." Mugno v. Societe Internationale De Telecomms. Aeronautiques,

Ltd., 05-cv-2037, 2007 U.S. Dist. LEXIS 6570, at *19 (Jan. 30, 2007) (quotations omitted) (dismissing claim for denial of short-term disability benefits because there was "not even a hint that [plaintiff] pursued all administrative avenues available to him before turning to the federal courthouse.").

In the present case, Defendant infers that the Complaint's reference to "mismanagement of disability leave and related paperwork" pertains to an alleged denial of short-term disability benefits. However, Plaintiffs fail to allege they sought to exhaust any administrative remedies pursuant to such a plan, such as by appealing a denial of benefits. Therefore, to the extent such claims can be characterized as arising under ERISA, they should be dismissed.[3]

\*   \*   \*

Given the insurmountable hurdles in this case, Plaintiffs should voluntarily dismiss their Complaint. Defendant reserves its rights to seek its fees and costs if it is compelled to continue litigating this matter. Defendant also reserves all rights and defenses.

Respectfully submitted,

JACKSON LEWIS P.C.

/s/ Daniel D. Schudroff
Daniel D. Schudroff
Jamie L. Levitt
*Attorneys for Defendant*

cc:   Edwin Martinez (via UPS)
      Yoscabel Martinez (via UPS)

4873-1606-7294, v. 1

---

[3] To the extent these claims somehow can be construed to assert disability discrimination under federal, state, or local law, they are subject to mandatory arbitration pursuant to the CBA discussed in Point I supra. Even if they were not subject to mandatory arbitration, they would either be time barred or barred by the election of remedies doctrine. To the extent Plaintiffs plead claims under the Americans with Disabilities Act, their Complaint was filed more than 90 days following the issuance of the applicable Notice of Right to Sue from the Equal Employment Opportunity Commission. Wong v. Health First, Inc., 04-cv-10061, 2005 U.S. Dist. LEXIS 14309 (S.D.N.Y. July 19, 2005) (dismissal granted where complaint was more than 90 days after the date of the notice of right to sue, assuming the plaintiff received the letter three days after it was sent).

To the extent Plaintiffs plead claims under the New York State Human Rights Law or New York City Human Rights Law, they are barred because they are predicated upon the identical operative facts asserted in earlier New York State Division of Human Rights proceedings that culminated in no probable cause findings. DuBois v. Macy's Retail Holdings, Inc., 533 F. App'x 40, 41 (2d Cir. 2013) ("Furthermore, the election of remedies doctrine under both the [NYSHRL] and [NYCHRL] precludes a plaintiff from pursuing his discrimination claims in a court of law when the same claims were previously brought before a local administrative agency.") (citations omitted). "Once a complainant elects the administrative forum by filing a complaint with the [NYSDHR], a subsequent judicial action on the same complaint is generally barred." Wiercinski v. Mangia 57, Inc., No. 09-cv-4413, 2010 U.S. Dist. LEXIS 66498, at *5 (E.D.N.Y. July 2, 2010) (internal citations and quotations omitted).

The Court has reviewed Defendant's above letter motion for a pre-motion conference in advance of filing a motion to compel arbitration/dismiss the Complaint (Dkt. #6), and Plaintiff Yoscabel Martinez's September 11, 2024, motion to add a party (Dkt. #9).

In light of both submissions, the parties are hereby ORDERED to appear for a pretrial conference on **October 16, 2024, at 10:00 a.m.** in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York.

The Clerk of Court is directed to terminate the pending motion at docket entry 6.

The Clerk of Court is further directed to mail a copy of this Endorsement to Plaintiff at the following address:

    Yoscabel Martinez
    995 Simpson Street
    Apt 3-H
    Bronx, New York
    10459

Dated:   September 16, 2024          SO ORDERED.
         New York, New York

                                     *Katherine Polk Failla*

                                     HON. KATHERINE POLK FAILLA
                                     UNITED STATES DISTRICT JUDGE