# JacksonLewis

**Jackson Lewis P.C.**
666 Third Avenue
New York NY 10017-4030
(212) 545-4015 Direct
(212) 972-3213 Fax
jacksonlewis.com

M<small>Y</small> D<small>IRECT</small> D<small>IAL IS</small>: 212.545.4015
M<small>Y</small> E<small>MAIL</small> A<small>DDRESS IS</small>: D<small>ANIEL</small>.S<small>CHUDROFF</small>@<small>JACKSONLEWIS</small>.<small>COM</small>

February 4, 2025

**VIA ECF – (COURTESY COPY VIA E-MAIL)**
The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov



Re: Martinez v. Collins Building Services, Inc.
Case No.: 1:24-cv-06433-KPF

Dear Judge Failla:

We represent Defendant Collins Building Services, Inc. ("Defendant"). On January 22, 2025, Plaintiff, Yoscabel Martinez ("Plaintiff"), filed an Amended Complaint. Pursuant to Your Honor's October 16, 2024 Order, Defendant writes to request permission to file a motion to compel arbitration/dismiss the Amended Complaint pursuant to FRCP 12.

Contrary to the Amended Complaint's allegations, Plaintiff's statutory discrimination claims are subject to mandatory arbitration pursuant to the express terms of a materially indistinguishable version of the collective bargaining agreement ("CBA") the United States Supreme Court enforced in 14 Penn Plaza LLC v. Pyett, 556 U.S. 247 (2009) and which governed Plaintiff's terms and conditions of employment.[1] See Duraku v. Tishman Speyer Props.,

---

[1] To the extent the Amended Complaint can be construed to assert disability discrimination under federal, state, or local law, they are subject to mandatory arbitration pursuant to the CBA. Even if they were not subject to mandatory arbitration, they would either be time barred or barred by the election of remedies doctrine. To the extent Plaintiff pleads claims under the Americans with Disabilities Act, her initial Complaint was filed more than 90 days following the issuance of the applicable Notice of Right to Sue from the Equal Employment Opportunity Commission. Wong v. Health First, Inc., 04-cv-10061, 2005 U.S. Dist. LEXIS 14309 (S.D.N.Y. July 19, 2005) (dismissal granted where complaint was more than 90 days after the date of the notice of right to sue, assuming the plaintiff received the letter three days after it was sent).

To the extent Plaintiff pleads claims under the New York State Human Rights Law or New York City Human Rights Law, they are barred because they are predicated upon the identical operative facts asserted in earlier New York State Division of Human Rights proceedings that culminated in no probable cause findings. DuBois v. Macy's Retail Holdings, Inc., 533 F. App'x 40, 41 (2d Cir. 2013) ("Furthermore, the election of remedies doctrine under both the [NYSHRL] and [NYCHRL] precludes a plaintiff from pursuing his discrimination claims in a court of law when

The Honorable Katherine Polk Failla<br>
United States District Judge<br>
February 4, 2025<br>
Page 2

Inc., 714 F. Supp. 2d 470 (S.D.N.Y. 2010); see also Garnes v. Pritchard Indus., Inc., 23-cv-6699, 2024 U.S. Dist. LEXIS 129114, at *6 (S.D.N.Y. July 22, 2024) (granting motion to compel arbitration and noting that, pursuant to the CBAs, "if the Union declines to arbitrate a particular employment discrimination claim, the employee may initiate an arbitration of the claim."). Accordingly, even if, as Plaintiff asserts, SEIU Local 32BJ decided not to initially arbitrate her statutory discrimination claims, she must still arbitrate them on her own, as opposed to proceeding in a judicial forum.[2]

Defendant respectfully requests until March 7, 2025 to file its aforementioned motion. Defendant defers to the Court the amount of time Plaintiff should have to oppose the motion, but requests 21 days after the opposition is due in order to file a reply.

We thank the Court for its consideration of this matter.

Respectfully submitted,

JACKSON LEWIS P.C.

/s/ Daniel D. Schudroff
Daniel D. Schudroff
Jamie L. Levitt
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2025, I caused a true and correct copy of the foregoing letter to be served via UPS overnight mail on Plaintiff, Yoscabel Martinez, at her address of record: 995 Simpson Stret, Apt. 3H, Bronx, NY 10459

/s/ Daniel D. Schudroff
Daniel D. Schudroff

4932-5549-5698, v. 1

---

the same claims were previously brought before a local administrative agency.") (citations omitted). "Once a complainant elects the administrative forum by filing a complaint with the [NYSDHR], a subsequent judicial action on the same complaint is generally barred." Wiercinski v. Mangia 57, Inc., No. 09-cv-4413, 2010 U.S. Dist. LEXIS 66498, at *5 (E.D.N.Y. July 2, 2010) (internal citations and quotations omitted).

[2] To the extent applicable, Defendant incorporates by reference earlier arguments raised in its original pre-motion letter and reserves the right to interpose additional arguments and defenses in any forthcoming dispositive motion.

Application GRANTED.

- Defendant's motion to compel arbitration/dismiss the Amended Complaint is due on or before **March 7, 2025.**
- Plaintiff's opposition to Defendant's motion is due on or before **April 7, 2025.**
- Defendant's reply is due on or before **April 28, 2025.**

Counsel is reminded to send copies of all authorities cited in their motion papers to Plaintiff.

In addition, the Clerk of Court is directed to terminate the motion at docket entry 9. The Amended Complaint continues to name Plaintiff alone, and not her husband, as a party.

The Clerk of Court is directed to mail a copy of this endorsement to Plaintiff at her address of record.

Dated: February 7, 2025
       New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE